UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Greta Schneider,

        *Plaintiff,*

v.

Gymshark LTD, et al.,

        *Defendants.*

Civil Action No. 23-00767(MEF)(JSA)

**OPINION and ORDER**

One of the Defendants, Gymshark Ltd. ("the Defendant"), has moved to dismiss for lack of personal jurisdiction. See Docket Entry 36.

In response, the Plaintiff first contends there is general personal jurisdiction. See Memorandum in Opposition at 6. But the Defendant is not a New Jersey corporation, its principal place of business is in the United Kingdom, and nothing suggests it is "at home" in New Jersey. See generally Daimler AG v. Bauman, 571 U.S. 117, 136-139 (2014). Therefore, as to general personal jurisdiction, the motion to dismiss is granted.

Second, the Plaintiff contends there is specific personal jurisdiction. See Memorandum in Opposition at 7. The Defendant is a corporation. In the Third Circuit, there is, in some sense at least, a "presumption" of jurisdictional discovery as to corporate defendants. Mass. Sch. of L. at Andover, Inc. v. Am. Bar Ass'n, 107 F.3d 1026, 1042 (3d Cir. 1997); see also Metcalfe v. Renaissance Marine, Inc., 566 F.3d 324, 336 (3d Cir. 2009); Caduceus, Inc. v. Univ. Physician Grp., 2024 WL 303845, at *2 (D.N.J. Jan. 26, 2024); Prestan Products LLC v. Innosonian Am., LLC, 2024 WL 278985, at *3 (D.N.J. Jan. 25, 2024); Rose v. Ferrari N. Am., Inc., 2023 WL 8653924, at *1 (D.N.J. Dec. 14, 2023).

The "presumption" is not rebutted here. There are various alleged connections to New Jersey. These include: shipping clothes to the Plaintiff in New Jersey, which were purchased via what appears to be the Defendant's United States website; and the Defendant receiving around half of its revenue in 2022 from the United States, with special popularity in "big" metropolitan

1

areas.  See Certification of Carolyn B. Rendell ¶¶ 8, 10-11, 17; Certification of Jeanette Schneider ¶¶ 5-9.  This is more than enough for jurisdictional discovery.  See Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 456-458 (3d Cir. 2003).

Accordingly, the motion to dismiss as to specific personal jurisdiction is denied.  This is without prejudice to it being renewed following jurisdictional discovery.


IT IS on this 3rd day of April, 2024, so **ORDERED**.

_____
Michael E. Farbiarz, U.S.D.J.

2